Exh A -H

**Exhibit A**



Housing, Economic Development
and Commerce Department

Division of Zoning
Anthony J. Lambiase, Director

30 Montgomery Street, Suite 408
Jersey City, N.J. 07302-3821
Phone: (201) 547-4832
Fax:    (201) 547-5216

JERRAMIAH T. HEALY, MAYOR
City Of Jersey City

# NOTICE OF VIOLATION
## ORDER TO REMEDY
## PURSUANT TO CHAPTER 345
## ZONING CODES

WORK SITE: ___23 MAGNOLIA AVE.___   BLOCK: _511_  LOT: _K.1_

OWNER IN FEE: ___JEAN-PAUL PERRAULT___

ADDRESS: ___85 SYCAMORE RD.___
___JERSEY CITY, NJ   07305___

## ACTION

DATE OF NOTICE: ___7/19/2007___   DATE OF INSPECTION: ___7/18/2007___

COMPLIANCE DUE DATE: ___8/20/2007___   ZONING DISTRICT: ___R-1___

Note: Please call this office if violation is abated before 30 days to avoid court appearance.

Pursuant to Article I, Section 4, Jersey City Zoning Code, Chapter 345, all uses not expressly permitted in a zoning district are prohibited.

TAKE NOTICE that you have been found to be in violation of The Jersey City Zoning Code, Chapter 345: Article ___V___, Section: _70_, Paragraph: _1_1_, for the following reasons: ___OFF –STREET PARKING SHALL NOT BE LOCATED BETWEEN THE___
___BUILDING AND THE STREET.___

As per N.J.S.A., C-40: 55D-70, Paragraph A and C-40: 55D-72 - You may appeal this notice of violation to The Jersey City Board of Adjustment, within twenty (20) days.

Pursuant to Article X, Section 75, you are ordered to abate this violation within thirty (30) days of service of this notice, by registered mail or by personal service, shall for each and every violation, be punishable as provided in Chapter 1, General Provisions, Section 25. Each and every day such violation continues after such notice shall be considered a separate and specific violation of this Chapter - without the service of an additional notice.

If you have any questions concerning this matter, please call: (201) 547-4832.

Signed: _____
Zoning Official

ANTHONY J.  LAMBIASE

Exh B

**Exhibit B**

85 Sycamore Rd
Jersey City, NJ 07305

March 7, 2008

Bill Diazi
JC Zoning Enforcement
30 Montgomery Ave, Room 408
Jersey City, NJ 07302

Dear Mr. Diazi,

I am writing this letter to implore you to reconsider your efforts at targeting my driveway
at 23 Magnolia Avenue in Jersey City as illegal. Enclosed you will find pictures of other
driveways on Magnolia Avenue, all of which are identical to mine but for some reason
have not been targeted and have not caused their owners grief.  You will also find a list of
other properties on Magnolia that has driveways that could be deemed illegal based on
the criteria that the zoning office has cited for declaring my driveway illegal.

Foremost, I want to ensure equity in the execution of the zoning laws. If the other
driveways have been "grandfathered in" as you mentioned in a conversation with me on
March 6, 2008 at 3:15 pm, then the same right should be applied to my driveway. The
driveway on my property has been in use as a carport for the last 30 years. When I
purchased the property in 2003, I purchased a home with the driveway.  I can provide you
with a copy of the MLS listing for the property in 2003 at the time of my purchase and
testimony from the realtor that shows that the property had a pre-existing driveway.  In
addition, I can also provide you with a statement from the previous owners that they had
use of their driveway, prior to my purchase, for over 15 years without any problems.

I am at a complete loss as to why all of a sudden my driveway has been deemed illegal
while others enjoy the benefits of theirs without any fear of being penalized. Shouldn't
the zoning laws on Magnolia Avenue in Jersey City be applied equally to all?

For this reason, I ask you again to provide me with reasons to substantiate your legal
actions against my driveway. Unfortunately, inequity in the application of laws can be
interpreted as discrimination, and discrimination is illegal.

Cordially,

Perrault Jean-Paul

Cc: Anthony Lambiase

Exhc

**Exhibit C**

85 Sycamore Rd
Jersey City, NJ 07305

March 7, 2008

Bill Diazi
JC Zoning Enforcement
30 Montgomery Ave, Room 408
Jersey City, NJ 07302

Dear Mr. Diazi,

On Friday, March 14, 2008 I spoke to you with regards to the zoning violation at 23
Magnolia Ave. in Jersey City, NJ.  You informed me that the legal case against the
carport is closed.  With regards to my previous correspondence with the zoning office
(enclosed), you also informed me that your office would be writing up violations to
homes on Magnolia Ave. that have driveways/carports similar to mine.  I have spoken to
my attorney, and he requests a written statement from the zoning office with regards to
the rationale for the violation and the actions planned by the zoning board to resolve
similar carport "violations" on Magnolia Ave (i.e. a written response to the enclosed
letter).  Please send the documentation to my address above.

Furthermore, please provide me with a rejection letter.  I have already sent a check as
payment for the letter as per zoning guidelines.  Thank you.

Sincerely,

Perrault Jean-Paul

Cc: Anthony Lambiase

**Exhibit D**



JERRAMIAH T. HEALY, MAYOR
City Of Jersey City

**Housing, Economic Development and Commerce Department**

**Division of Zoning**
Anthony J. Lambiase, Director

30 Montgomery Street, Suite 408
Jersey City, N.J. 07302-3821
Phone: (201) 547-4832
Fax:    (201) 547-5216

April 21, 2008

C/o Perrault Jean-Paul
85 Sycamore Road
Jersey City, NJ 07305

Re:   23 Magnolia Avenue
      Block: 511 Lot: K.1
      Zoned: R-1 One and Two Family Dwellings

Dear Mr. Jean-Paul:

Your application for "use of front yard of residential building for parking a motor vehicle," is hereby denied for a noncompliance with the provisions of the Jersey City Zoning Ordinance. As per "Chapter 345, Article V, Section 70, A-Zoning Standard, line 1 - Off Street parking will not be located between the building and the street."

Information on procedures for an appeal of this decision to the Board of Adjustment or the Jersey City Planning Board can be obtained from the Division of Planning. It should be noted that, under State Statute, notice of appeal of this decision must be filed with this office no later than twenty (20) days from the date of this notice.

Respectfully yours,

Anthony J. Lambiase
Zoning Official

AJL/mk.

**Exhibit E**

85 Sycamore Rd
Jersey City, NJ 07305

April 23, 2008

Claire Davis
Jersey City Planning Board
30 Montgomery Street
14th Flr, Suite 1400
Jersey City, NJ 07302

Fax: (201) 547-4323

Dear Ms. Davis:

This is notice that I am appealing the Jersey City Division of Zoning decision to deny the use of my carport at 23 Magnolia Ave, Jersey City, NJ 07306 (see enclosed rejection letter and violation). The carport has been in use prior to 1974 and, as such, its use is grandfathered.  As per our discussion, I would like to obtain *certification of pre-existing non-conforming use* with regards to the carport. Please provide me with instructions on how to proceed.  You may write to me at the address above or call me at 917-692-2626.  Thank you.

Cordially,

Perrault Jean-Paul

Cc: Anthony Lambiase, JC Zoning

**Exhibit F**

85 Sycamore Rd
Jersey City, NJ 07305

September 14, 2008

Nick Taylor
JC Zoning Enforcement
30 Montgomery Ave, Room 408
Jersey City, NJ 07302

Dear Mr. Taylor,

I received a violation from you dated September 3, 2008 with regards to my carport at 23
Magnolia Ave in Jersey City. I do not understand the cause of this violation as it is my
understanding that this issue has been resolved. Furthermore, after talking to Bill Diazi
and the neighborhood association, it is my understanding that there is "a list" that is
maintained by the association to record all of the grandfathered carports in the
neighborhood. My property is now on that list. As such, please cancel this violation.
Thank you.

Cordially,

Perrault Jean-Paul

cc: Johnathan Goodman, Esq

**Exhibit G**

## RESOLUTION OF THE ZONING BOARD OF
## ADJUSTMENT OF THE CITY OF JERSEY CITY

**APPELLANT:**      **PERRAULT JEAN-PAUL**

**FOR:**      **APPEAL FROM ZONING OFFICER'S DECISION PURSUANT TO N.J.S.A. 40:55D-70(a) and 72(a)**

**PROPERTY:**      **23 MAGNOLIA AVENUE**
                          **BLOCK 511, LOT K.1**

**CASE NO:**      **Z08-022**

**WHEREAS,** the Appellant, Perrault Jean-Paul, Pro Se, filed an appeal pursuant to N.J.S.A. 40:55D-70(a) and 72(a) of the decision by the Zoning Officer that a parking space was unlawfully created between the building and street line which must be discontinued and sought certification of a pre-existing non-conforming use from the Board contending the parking space existed prior to the 2001 change in the Zoning Ordinance that made it not permitted; and

**WHEREAS,** a hearing before the Zoning Board of Adjustment of the City of Jersey City was held on February 19, 2009; and

**WHEREAS,** due notice of a hearing on the above said appeal before the Board of Adjustment of the City of Jersey City for its February 19, 2009, regular meeting was duly published in accordance with law; and

**WHEREAS,** the Board heard testimony from the Appellant and his witnesses and the public speaking both for and against the appeal; and

-1-

**WHEREAS,** after consideration of the application and the testimony presented at the meeting, the Zoning Board of Adjustment made the following findings of fact:

1. The Appellant purchased the property on or about February 23, 2003.

2. Testimony as to whether prior to 2001, the prior owner of the property was using the front yard of the building for parking was conflicting but, in any event, not determinative of the issue as to whether there was a pre-existing lawfully created parking space that became non-conforming only after 2001.

3. For the parking space to be created legally prior to 2001, there must have been a permit issued which would be on file with the City of Jersey City; no permit is on file.

4. The front yard is not deep enough to have qualified for a legal parking space under the standards in existence prior to 2001.

5. There is a bluestone sidewalk in front of the Appellant's house that is continuous with several other houses undisturbed.

6. Photo documentation from the Division of Zoning, provided to the Board by planning staff indicated that the curb was in the process of being cut during Appellant's 2007 construction work. There was also some attempt to remove some of the bluestone sidewalk in or around 2007 by the Appellant, which is indicative of no driveway being used prior to that date.

**NOW, THEREFORE, BE IT RESOLVED,** that the Zoning Board of Adjustment of the City of Jersey City, County of Hudson and State of New Jersey, for the foregoing reasons, as well as those stated on the record by the Board members, which are incorporated herein by reference, **DENIES** the appeal and **AFFIRMS** the Zoning Officer's decision.

## RESOLUTION OF THE ZONING BOARD OF
## ADJUSTMENT OF THE CITY OF JERSEY CITY

**APPELLANT:**      PERRAULT JEAN-PAUL

**FOR:**      APPEAL FROM ZONING OFFICER'S DECISION PURSUANT TO
N.J.S.A. 40:55D-70(a) and 72(a)

**PROPERTY:**      23 MAGNOLIA AVENUE
BLOCK 511, LOT K.1

**CASE NO:**      Z08-022

**VOTE ON MOTION TO AFFIRM: 5-1**

| COMMISSIONER: | Yes | No | Abstain |
|---|---|---|---|
| Joseph Kealy, Chairman | X | | |
| Aneesah Abdullah, Commissioner | X | | |
| Deborah Ann Davis, Commissioner | X | | |
| Deborah Ann Davis, Commissioner | X | | |
| Kathleen Donnelly, Commissioner | X | | |
| Thomas Fricchione, Commissioner | | X | |

Acting JOSEPH KEALY, Chairman
JERSEY CITY BOARD OF ADJUSTMENT

CLAIRE DAVIS, Secretary

APPROVED AS TO LEGAL FORM:

VINCENT J. LA PAGLIA, ESQ.

DATE OF HEARING:         FEBRUARY 19, 2009
DATE OF MEMORIALIZATION:         MARCH 19, 2009

**Exhibit H**

























