**NOT FOR PUBLICATION**                                    **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PERRAULT JEAN-PAUL, | Civil Case No. 09-3928 (FSH) (PS) |
| Plaintiff, | **OPINION & ORDER** |
| v. | Date: August 4, 2010 |
| JERSEY CITY DEPARTMENT OF HOUSING, ECONOMIC DEVELOPMENT & COMMERCE, *et al.* | |
| Defendants. | |

**HOCHBERG, District Judge**:

**I.    Introduction**

        Plaintiff *pro se* brings this lawsuit alleging discrimination against him, as a class of one, by defendants, in violation of the Equal Protection Clause of the Fourteenth Amendment, and a taking without just compensation, in violation of the Fifth Amendment. The factual and procedural history of this dispute is set forth at greater length in the Court's Opinion dated May 14, 2010.

**II.    Procedural History**

        By Order dated May 14, 2010, the Court denied defendants' motion for judgment on the pleadings and converted it to a motion for summary judgment for the reasons set forth in its Opinion of the same date. In that Order, the Court also permitted the parties to file new briefs in support of and in opposition to the summary judgment motion, in compliance with Local Rule

56.1.[1]  Plaintiff chose not to file a responsive Rule 56.1 statement with his opposition brief.[2] Many of the facts are not in dispute.

### III. Background

On May 28, 2001, the City Council of Jersey City adopted a Land Development Ordinance, No. 01-042, which, among other things, prohibits off-street parking between a building and the street. Plaintiff purchased the building at 23 Magnolia Avenue on February 21, 2003 for $220,000 as a rental property. *See* Jersey City Municipal Code § 345-70.  The property allegedly had a front driveway in continuous use since 1974.  However, no permit for a driveway is on file with the City.

Zoning enforcement officers William De Iasi and Nick Taylor, who are defendants in this case, have issued several tickets to several landowners on Magnolia Avenue for violations of this same ordinance since its enactment:

- June 19, 2006 – Mr. De Iasi responded to a councilman's complaint of an illegal driveway at 18 Magnolia Avenue and issued a ticket to the owner;

- June 19, 2006 – Mr. De Iasi issued a ticket to the owner of 18A Magnolia Avenue;

---

[1] Local Rule 56.1 provides that in support of its motion the movant shall submit a statement of undisputed facts, in separately numbered paragraphs citing to the record.  It further provides, "The opponent shall of summary judgment shall furnish, with its opposition papers, a responsive statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for the purposes of the summary judgment motion."

[2] The Court may therefore deem the facts in defendants' Rule 56.1 statement as admitted, unless controverted in plaintiff's brief or contradicted by the evidence. *See Longoria v. New Jersey*, 168 F. Supp. 2d 308, 312 n.1 (D.N.J. 2001).  As discussed below, plaintiff has expressly conceded many of the facts set forth by defendants.

- March 27, 2007 – Mr. Taylor investigated a complaint regarding an illegal driveway at 19 Magnolia Avenue and issued a ticket to the owner;

- July 18, 2007 – In response to a complaint by the Hilltop Neighborhood Association, Mr. Taylor inspected the property at 23 Magnolia Avenue and issued a ticket to plaintiff for an illegal driveway;

- July 18, 2007 – Mr. De Iasi inspected the property at 21 Magnolia Avenue and issued a ticket to the owner for an illegal driveway;

- September 12, 2007 – Also in response to a complaint by the Hilltop Neighborhood Association, Mr. De Iasi investigated the property at 124 Magnolia Avenue for an illegal driveway and issued a ticket to the owner; and

- May 12, 2010 – Mr. Taylor investigated a complaint of illegal off-street parking at 20 Magnolia Avenue and issued a ticket to the owner.

Plaintiff concedes in his brief that these other properties were ticketed for the same zoning violation and around the same time as his property.

Plaintiff sent several letters to the Zoning Enforcement office, contesting its determination that his property at 23 Magnolia Avenue had an illegal driveway.  When that proved unsuccessful, plaintiff appealed the Zoning Enforcement office's decision to the Zoning Board of Adjustment on April 23, 2008, pursuant to N.J. Stat. Ann. § 40A:55D-70(a).  The Zoning Board denied plaintiff's appeal on February 19, 2009, following a one-hour hearing, at which plaintiff had been present and adduced evidence, including testimony by witnesses.  It found that there was no evidence of a legal, preexisting driveway at 23 Magnolia Avenue because no permit was on file for such use.  Plaintiff did not appeal the Zoning Board's decision to the New Jersey Superior Court by filing an action in lieu of prerogative writ, and the 45-day statute of limitations to do so expired on April 6, 2009.  *See* N.J. Court R. 4:69-6(a).  Instead, he filed this action on August 7, 2009.

**IV.     Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, "[s]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." *Miller v. Ind. Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988). All facts and inferences must be construed in the light most favorable to the non-moving party. *Peters v. Del. River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994). The judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. "Consequently, the court must ask whether, on the summary judgment record, reasonable jurors could find facts that demonstrated, by a preponderance of the evidence, that the nonmoving party is entitled to a verdict." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 860 (3d Cir. 1990).

The party seeking summary judgment always bears the initial burden of production. *Celotex*, 477 U.S. at 323. This burden requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. *Id.* at 322-23. This burden can be "discharged by showing ... that there is an absence of evidence to support the nonmoving party's

case." *Id*. at 325.  Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party.

To avoid summary judgment, the nonmoving party must then demonstrate facts supporting each element for which it bears the burden, thus establishing the existence of a "genuine issue of material fact" justifying trial.  *Miller*, 843 F.2d at 143; *accord Celotex*, 477 U.S. at 324.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id*. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).  Further, summary judgment may be granted if the nonmoving party's "evidence is merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249-50.

V.   **Discussion**

   A.   **The "Class of One" Claim**

The Supreme Court decided in *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), that an individual may sue state zoning officials under the Equal Protection Clause as a "class of one" if they intentionally treat him or her differently from others similarly situated without a rational basis.  The Court held in its May 14, 2010 opinion that the complaint stated a claim under *Olech*, in light of the allegations that the zoning officers intentionally targeted plaintiff for enforcement of the city-wide zoning ordinance, to the exclusion of all other similarly situated landowners in his neighborhood, out of "animosity."  Plaintiff has never disputed that his

5

property was in technical violation of the ordinance, nor has he ever alleged that he was treated differently due to race or some other improper classification.

In his opposition to this motion, plaintiff now concedes (and the undisputed evidence shows) that other properties on the same block were ticketed for the same violation around the same time. Though damaging, this fact is not necessarily dispositive to plaintiff's claim. *See Olech*, 528 U.S. at 564 n.1 ("Whether the complaint alleges a class of one or of five is of no consequence because we conclude that the number of individuals in a class is immaterial for equal protection analysis."). However, plaintiff did not identify in his opposition a single similarly situated landowner from whom he was treated differently.[3] Thus, no evidence, as distinct from mere allegations, has been adduced by plaintiff to show that he was, in fact, intentionally treated differently from others similarly situated; there is ample evidence to the contrary. *See Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, AFL-CIO*, 982 F.2d 884, 890 (3d Cir. 1992) ("A non-moving party may not rest upon mere allegations..."). Plaintiff has also failed to adduce any evidence indicating that the alleged different treatment, if any, was intentional, and not merely uneven enforcement. Accordingly, defendants are entitled to summary judgment on plaintiff's "class of one" claim.

  B.  **The Unconstitutional Taking Claim**

---

[3] Not every landowner on Magnolia Avenue is "similarly situated" with plaintiff. Although other properties on plaintiff's block may have off-street parking without having received a ticket, it is not a violation of the ordinance if the landowner had a permit for such use on his property prior to May 28, 2001 or was otherwise able to secure a variance from the Zoning Board of Adjustment. Plaintiff was denied a variance because there was no evidence that 23 Magnolia Avenue had a permit for off-street parking before the ordinance went into effect.

Plaintiff claims in his second cause of action that he is entitled to just compensation under the Fifth Amendment for the disallowance of his driveway. *See Pa. Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922) ("[W]hile property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking."). He alleged in his complaint that this devalued his property by 20%. As the Court commented in its May 14, 2010 Opinion, the Supreme Court has not yet articulated a clear standard for how far is "too far," but it is abundantly clear that "too far" is a much greater diminution in value than the 20% alleged by plaintiff. *See Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1019 n.8 (1992) (explaining that in some cases, a landowner with a 95% loss will receive no compensation, depending on the circumstances). Furthermore, plaintiff has not presented any evidence in his opposition in support of this allegation. In order to avoid summary judgment, plaintiff must demonstrate facts supporting each element for which he bears the burden, thus establishing the existence of a "genuine issue of material fact" justifying trial. *Miller*, 843 F.2d at 143; *accord Celotex*, 477 U.S. at 324. Plaintiff has failed to do so, and even if he did, it is unlikely that a 20% diminution of value would constitute an unconstitutional regulatory taking under *Lucas* or *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 124 (1978) (holding that Courts should consider the "economic impact of the regulation on the claimant, ... the extent to which the regulation has interfered with distinct investment-backed expectations[, and] the character of the governmental action" to determine whether there has been a regulatory taking). Defendants are entitled to summary judgment on this claim as well.[4]

---

[4] Plaintiff's principal opposition to this motion is that discovery is incomplete because he supposedly has not received a satisfactory response to a third-party subpoena that he served. His argument is without merit. Fact discovery closed on May 7, 2010.

**VI.     Conclusion**

   For the reasons set forth in this opinion, it is **ORDERED** that defendants' motion for summary judgment is **GRANTED**; and it is further

   **ORDERED** that this case is closed.

---

   The dispute over the third-party subpoena concerns a news article on www.NJ.com, dated November 23, 2009, which indicated that the Jersey City Police Special Investigations Unit had confiscated four computers from the Division of Zoning Enforcement.  It was revealed that one of them belonged to defendant Anthony Lambiase.  In response to this report, plaintiff sought permission on May 7, 2010 to subpoena certain records from the Jersey City Police Department to determine whether it had information concerning the subject matter of this lawsuit, whether one or more defendants were "suspects" or defendants in a criminal investigation, or whether any criminal activities on Magnolia Avenue were being investigated.

   In response to defendants' objections to the scope of the subpoena, Magistrate Judge Shwartz issued an Order, dated June 15, 2010, wherein she permitted plaintiff's subpoena insofar as it sought production of relevant documents from the hard drive of Mr. Lambiase's computer, if it was still in the custody of the Police Department.  Judge Shwartz further ordered that if the computer was not in the custody of the Police Department, the Police should so state in a letter to the Court and identify the entity with custody of the computer.  The subpoena was otherwise quashed.  Plaintiff did not appeal Judge Shwartz's Order to this Court.

   By letter dated June 28, 2010, Detective Martin D'Angelo of the Jersey City Police Department informed the Court that Mr. Lambiase's computer had been returned to the Division of Zoning Enforcement, with all original information intact.  Counsel for defendants then represented to the Court in a letter of the same date that all relevant information in its custody had already been produced to plaintiff in the ordinary course of discovery and on July 15, 2010 submitted a declaration of defendant Nick Taylor, currently Acting Zoning Officer, averring the same.

   Plaintiff has indicated that he does not believe the foregoing representations and averments, but he has not come forward with any proof of their falsity.  As detailed above, defendants and the Jersey City Police Department have complied with Judge Shwartz's Order.  It is plaintiff's burden in opposition to this motion to adduce evidence sufficient to establish a triable issue of fact with respect to each claim (*i.e.*, evidence that he was intentionally and arbitrarily treated differently from others similarly situated and of a diminution in the value of his property to an extent deemed a "taking" by the relevant caselaw).  He cannot avoid this burden by making unsupported allegations that defendants or third parties have not complied fully with his discovery requests, particularly where, as here, the record contradicts such allegations.

                                                              <u>/s/  Faith S. Hochberg</u>
                                                              Hon. Faith S. Hochberg, U.S.D.J.