NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PERRAULT JEAN-PAUL, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | Civil Case No. 09-3928 (FSH) (PS) |
| v. | **OPINION & ORDER** |
| JERSEY CITY DEPARTMENT OF HOUSING, ECONOMIC DEVELOPMENT & COMMERCE, *et al.*, | Date: December 21, 2011 |
| Defendants. |  |

**HOCHBERG, District Judge:**

This matter comes before the Court upon *pro se* Plaintiff's renewed motion to vacate the Court's August 4, 2010 Opinion & Order (corrected August 17, 2010) (the "August 4th Order"), which granted summary judgment to Defendants, and Plaintiff's request for leave to file a motion for costs. The Court assumes the reader's familiarity with the factual and procedural history of this dispute, which is set forth at greater length in the Court's Opinions dated May 14, 2010 and August 4, 2010 (corrected August 17, 2010). The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Fed. R. Civ. P. 78.

**I.   BACKGROUND**

The case arises out of Plaintiff's federal claim that his right, *inter alia*, to equal protection of the laws was violated when Jersey City officials ticketed him for parking on his property at 23 Magnolia Avenue in Jersey City. Plaintiff's lawsuit contended that the property had a legal driveway prior to a 2001 Jersey City Ordinance (the "Ordinance"), which prohibits off-street

1

parking between a building and the street.  Thus, Plaintiff contended that he was denied the equal protection of the laws as a "class of one" when Jersey City denied him the right to park an automobile on his property, while other similarly situated landowners were not ticketed for the same action.  On August 4, 2010, the Court granted Defendant's motion for summary judgment, with respect to the federal equal protection claim, which is separate and distinct from the underlying land use dispute being litigated in the local Jersey City administrative tribunal.

Six months later, on February 2 and 18, 2011, the Acting Zoning Director informed Plaintiff that evidence of a 1997 "driveway marking approval" for Plaintiff's property was discovered, indicating a pre-existing, authorized non-conforming use that entitled Plaintiff to park a car off the street, on his property.  Defendants claim that this driveway marking approval was found in a logbook kept for another department and was missed during discovery despite their best efforts to gather all responsive documents.

On April 8, 2011, Plaintiff then moved to vacate the grant of summary judgment pursuant to Fed. R. Civ. P. 60(b).  On May 12, 2011, after finding that it was not yet clear that the newly discovered evidence would change the outcome of the federal constitutional case—as the Jersey City Zoning Board of Adjustment ("the Board") had not yet ruled on how the Ordinance applied to Plaintiff in light of the new evidence—the Court denied Plaintiff's motion to vacate without prejudice to renew following the Board's determination.

On June 16, 2011, in light of the above-described new evidence, the Board resolved that Plaintiff's parking space was lawfully created as a pre-existing non-conforming use, thereby permitting him to park in his driveway today.  Plaintiff now renews his motion to vacate under Fed. R. Civ. P. 60(b)(2) and seeks leave to file a motion for costs.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(2) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" in light of "newly discovered evidence that, with reasonable diligence, could not have been discovered" or "any other reason that justifies relief."  A party seeking such relief based on new evidence must prove that the evidence "(1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome."  *Compass Tech. v. Tseng Lab.*, 71 F.3d 1125, 1130 (3d Cir. 1995).

## III.  DISCUSSION

### A.  New Evidence

Defendants argue that Plaintiff's motion to vacate should be denied because his claims have already been decided and the relief he sought—permission to park a car on his property—already granted by the Board.  Defendants contend that under *Flast v. Cohen*, 392 U.S. 83 (1968), the Court cannot entertain the instant motion because "no justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments."  392 U.S. at 95.  While the question of Plaintiff's entitlement to park his car in his driveway has been decided in his favor, that was not the federal constitutional claim brought to this court.   The claim that Plaintiff presented to this Court was not simply that the pre-Ordinance use of his driveway should permit him to continue to park there: that dispute was a local land use dispute that has now been resolved in Plaintiff's favor.  Rather, Plaintiff's federal case asserted a violation of his rights under the Equal Protection Clause based upon Defendants' alleged intentional targeting of him for enforcement of the Ordinance, to the exclusion of similarly situated landowners in the neighborhood.  Plaintiff claimed to be a "class of one"

3

targeted unfairly for enforcement of the Ordinance. This constitutional question has not been decided by the Board and has, therefore, not been mooted.[1]

In the August 4th Order, the Court noted that that there was evidence demonstrating that "other properties on the same block were ticketed for the same violation around the same time," and that Plaintiff "did not identify . . . a single similarly situated landowner from whom he was treated differently." August 4th Order 6. Plaintiff now argues that the new evidence—the combination of Defendants' letter to him regarding the discovery of the driveway marking logbook and the Board's reversal of its prior position—raises triable issues of fact regarding whether there are other similarly situated landowners who were treated differently, and whether that different treatment was intentional. Plaintiff alleges that had this new evidence been produced before the Court's August 4th Order, he would have been able to identify "similarly situated landowners from whom Plaintiff was treated differently, specifically landowners on Magnolia Avenue with off-street parking who did not receive a ticket and whose carports, like Plaintiff's, qualify as pre-existing, legal non-conforming use to park a motor vehicle." Pl. Br. 7. Plaintiff specifically points to 11 Magnolia Avenue as an example of a similarly situated property from which his was treated differently. As the Court explained in the August 4th Order, "[n]ot every landowner on Magnolia Avenue is 'similarly situated' with plaintiff" as other properties that were not ticketed may have received variances. August 4th Order 6 n.3.

Plaintiff now alleges that, armed with the new evidence, there is a genuine issue of fact as to whether he was treated differently than other similarly situated landowners by Jersey City officials. Because much of this case was litigated without the late produced evidence, Plaintiff

---

[1] Any potential damages owed if Plaintiff's equal protection constitutional claim were to be reopened and if Plaintiff were prevail on its merits have surely be lessened now that the Board has given him permission to park on his property. However, it is premature to find that all relief sought by the Plaintiff has been given to him. The Court does not reach that question until it decides whether to reopen.

will be given the opportunity to file a supplemental brief stating clearly, concisely, and specifically: (1) how, given the new evidence, he would prove that he was treated differently from other similarly situated landowners on Magnolia Avenue;[2] and (2) how he would prove that any different treatment was intentional.[3]

### B.  Additional Requests for Relief

Plaintiff invites the Court to "make a determination on whether Defendants' failure to produce the information contained in [the Acting Zoning Director's] letter amounts to obstruction of justice, contempt of court or any other relevant sanctions." Pl. Br. 9. The Court does not respond to requests for relief that are not filed as motions with supporting briefs and the opportunity for the non-moving party to respond. The Court does not have a motion for contempt or sanctions before it. Obstruction of justice is generally a matter for law enforcement authorities to investigate after a person makes a complaint to law enforcement authorities. Plaintiff also seeks leave to file a motion to "recoup [his] personal and legal expenses associated with bringing this case." *Id.* Because Defendants have failed to take a position on these requests, the Court will likewise permit Defendants to file a supplemental brief on this issue including facts and law in support of their position. Hereafter, the parties are admonished that they must respond to the factual and legal points made by their adversaries or those points will be deemed conceded.

---

[2] By way of example only, Plaintiff mentions 11 Magnolia Avenue, but he does not explain whether the new evidence demonstrates that 11 Magnolia also had a pre-Ordinance non-conforming use but was not ticketed after the Ordinance went into effect.

[3] If Plaintiff contends that further discovery is required, it is Plaintiff's burden to demonstrate why that discovery is relevant to meeting his burden of proof of his constitutional equal protection claim and why that discovery could not have been anticipated or sought during the original discovery period which closed long ago.

## IV. CONCLUSION

For the reasons stated above, **IT IS** on this 21st day of December, 2011, hereby

**ORDERED** that Plaintiff shall submit a letter brief by **January 6, 2012**, not to exceed ten (10) pages, explaining, in light of the new evidence, (1) how he would prove that he was treated differently from other similarly situated landowners on Magnolia Avenue; and (2) how he would prove that any different treatment was intentional; and (3) what damages he has sustained. Defendants may respond by letter brief, not to exceed ten (10) pages, by **January 16, 2012**; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit a statement of costs by **January 6, 2012**, stating the itemized costs for which he intends to seek repayment;[4] and

**IT IS FURTHER ORDERED** that Defendants shall submit a letter brief, not to exceed ten (10) pages, setting forth their position on Plaintiff's request for leave to file a motion for costs by **January 16, 2012**.  Plaintiff may submit a letter brief in response, not to exceed ten (10) pages, by **January 23, 2012**; and

**IT IS FURTHER ORDERED** that both sides shall meet and confer in person in an attempt to amicably resolve the remaining disputes in this case; the Court having noted that even if the case were reopened, and even if Plaintiff were to prevail, the damages would likely be fairly minor.  If the parties are unable to resolve this matter privately and submit a stipulation of dismissal with prejudice by **January 10, 2012**, the Court will refer the matter to mandatory court-annexed mediation.

/s/ *Faith S. Hochberg*  
Hon. Faith S. Hochberg  
United States District Judge

---

[4] As Plaintiff has proceeded *pro se*, the statement of costs shall not include Plaintiff's time and shall only include direct costs reasonably incurred by Plaintiff in litigating this action.